UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK TURK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. 2:17-cv-00767 AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").
(continued…)

1

| | |
|---|---|
| 1 | I. PROCEDURAL BACKGROUND |
| 2 | Plaintiff applied for supplemental security income on May 17, 2013. Administrative |
| 3 | Record ("AR") 18.[2] Plaintiff alleged the disability onset date was January 1, 2009. Id. The |

# I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on May 17, 2013. Administrative Record ("AR") 18.[2] Plaintiff alleged the disability onset date was January 1, 2009. Id. The applications were disapproved initially (AR 99-102), and on reconsideration (AR 106-11). On April 30, 2015 ALJ Carol L. Buck presided over hearings on plaintiff's challenge to the disapprovals. AR 30-58 (transcript). Plaintiff was present and testified at the hearing. AR 32. He was represented by attorney Jesse Kaplan at the hearing. Id. Susan L. Creighton-Clavel, a vocational expert, also testified at the hearing. Id.

On August 20, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 18-26 (decision), 27-29 (exhibits). On March 16, 2017, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on April 11, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 11. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 19 (plaintiff's summary judgment motion), 20 (Commissioner's summary judgment motion), 21 (plaintiff's response).

# II. FACTUAL BACKGROUND

Plaintiff was born in 1968, and accordingly was 45 years old when he filed his application. AR 60. Plaintiff has at least a high school education. AR 51-52.

# III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

---

[2] The AR is electronically filed at ECF Nos. 13-3 to 13-10 (AR 1 to AR 456).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

////

IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can

engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since May 17, 2013, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairment: lumbar degenerative disc disease with lumbar sprain/strain and chronic pain syndrome (20 CFR 416.920(c)).
>
> 3. [Step 3] 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lift/carry 20 pounds occasionally and 10 pounds frequently, sit and stand/walk six hours in an eight-hour workday, while changing positions every hour at his workstation. The claimant could occasionally stoop and crouch, should avoid climbing scaffolds, ladders, and ropes, and frequently balance and crawl.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1968] and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since May 17, 2013, the date the application was filed (20 CFR 416.920(g)).

AR 20-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff alleges the ALJ erred by (1) not considering plaintiff's need for the use of a cane; (2) not considering the degree of limitations reflected in treating physician opinions; and (3) relying on a post-hearing consultative examination when the examining physician did not have plaintiff's medical records. ECF No. 19 at 5-9.

### A. The ALJ Did Not Adequately Address Plaintiff's Need for a Cane

Plaintiff alleges the ALJ erred at Step Four by not properly addressing plaintiff's need for a cane in her assessment of plaintiff's residual functional capacity. The undersigned agrees that the ALJ committed reversible error on this point.

First, the ALJ mischaracterized plaintiff's testimony at the hearing by stating that he "testified that he was not using a cane[.]" AR 24. At the hearing, plaintiff was asked by his attorney whether he talked with his doctors about a cane because of his leg. AR 45. Plaintiff responded: "I asked about that, because this falling thing, I noticed when getting out the bed, I've done that a few times, you know how you put both feet out and to get up right there, well, I didn't make it a few times. . . . I have one myself, but I also requested one so it would be on record that I did need that." Id. While plaintiff did not clearly specify how consistently he was using a cane at the time of the hearing, he did not testify that he was *not* using a cane.

Second, the ALJ erred in giving "great weight" to the medical opinion of Dr. Alicia Blando, who opined that plaintiff's use of a cane would be appropriate "mainly for transfers," while ignoring without explanation Dr. Blando's reference to the cane in her RFC determination. AR 24, 71. Although the ALJ did state that she considered Dr. Blando's statement regarding cane use in her determination, cane use makes no appearance in the RFC determination. Compare AR 22, 24. The ALJ cannot selectively rely on portions of Dr. Blando's report that support her RFC finding while, with minimal or no explanation, omitting other portions. Holohan v. Massanari, 246 F.3d 1195, 1207 (9th Cir. 2001).

Finally, references to cane use elsewhere in the record went without comment in the

ALJ's analysis. Several medical notes from Allmed medical center reference plaintiff's difficulty ambulating without the assistance of a cane, and document his 4-prong cane prescription. AR 260, 263, 373, 376. For example, progress notes from a visit to treating physician Dr. Mikhail Palatrick on September 11, 2013 remark that plaintiff was ambulating with a cane, and that plaintiff had not received a 4-prong cane that was previously ordered, and the order was accordingly re-submitted. AR 263. The ALJ mentioned, almost in passing, the exhibits containing the notes from Dr. Palatrick but did not provide any substantive evaluation. AR 24.

The ALJ did ask the Vocational Expert ("VE") a hypothetical that included the limitation that the plaintiff "may, if he wishes to do so, use a cane for transfers." AR 52. The VE's finding that jobs exist in the national economy based on that hypothetical does not render the ALJ's failure to properly analyze the plaintiff's use of a cane harmless error. The way the hypothetical was framed, use of a cane was optional and limited to transfers. There is no indication that Dr. Blando's assessment, which referenced transfers as the "main" purpose for cane use, was limited to transfers or rendered cane use optional. AR 71. The hypothetical as framed does not capture the extent of the cane use described in the medical record. The ALJ erred in failing to include any cane use limitation in her RFC determination, and this error requires remand for proper consideration of the issue.

### B. The ALJ Failed to Consider Treating Source Opinions

Plaintiff argues, almost in passing as a supplement to his argument regarding cane use, that the ALJ failed to consider treating source records with respect to plaintiff's physical limitations. Though this point is not well developed in the briefing, the court agrees that, as discussed above, the ALJ failed to properly account for treating source opinions from treating physician Dr. Palatrick. In general, "[t]hose physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155,

1164 (9th Cir. 2008) (internal citations omitted).

Here, the ALJ did not specifically reject or accept the medical records from Dr. Palatrick. The ALJ's treatment of the treating physician records was inadequate, particularly where they reflected limitations that may alter the RFC finding. Because the ALJ erred in failing to adequately address the treating physician records of Dr. Palatrick, the matter must be remanded.

### C. The ALJ Erred in Giving Great Weight to the Post-Hearing Consultative Examiner Where the Consultative Examiner Did Not Have Records

Plaintiff asserts that the ALJ erred by giving great weight to the post-hearing Consultative Examiner ("CE") report in which the CE did not review or have access to plaintiff's medical records. ECF No. 19 at 8. The court agrees. The Social Security Regulations state: If we arrange for [a consultative examination] or test, ... [w]e will also give the examiner any necessary background information about your condition." 20 C.F.R. §§ 404.1517, 416.917. Several courts have held that where a CE does not review or have access to and review a social security applicant's medical records, the CE's opinion may not constitute substantial evidence for discounting treating physicians and should not be given "great weight." Carreras v. Berryhill, No. CV 16-01728-RAO, 2017 WL 4274498, at *6 (C.D. Cal. Sept. 25, 2017); Sloan v. Astrue, No. CV 8–07479–MAN, 2009 WL 5184426, at *4 n.11 (C.D. Cal. Dec. 21, 2009) ("Critically, [the consultative examiner] did not review any of plaintiff's medical records. ... Thus, it is unclear whether [the consultative examiner's] assessment of plaintiff is based on a sufficiently complete picture of plaintiff's condition. ... As a result, [the consultative examiner's] opinion may not constitute substantial evidence."); Ladue v. Chater, No. C–95–0754 EFL, 1996 WL 83880, at *5 (N.D. Cal. Feb. 16, 1996).

The ALJ gave "substantial weight" to the CE, Dr. Dale Van Kirk, who opined as to plaintiff's limitations following a June 2015 post-hearing consultative examination. AR 24. In completing his consultative exam, Dr. Van Kirk apparently did not review plaintiff's medical records. AR 450. Dr. Van Kirk opined that plaintiff does not need a cane, in contrast to the opinion of Dr. Blando and notes from plaintiff's treating physicians. AR 454. Although Dr. Van Kirk's opinion was based on his personal examination, the court agrees with plaintiff that his

8

ultimate recommendations may have been altered had he had access to plaintiff's medical records. While the Commissioner correctly cites Ninth Circuit case law stating that even when a consultative examiner does not review a petitioner's medical record, the ALJ may rely on that CE where the report is based on the CE's own observations and is consistent with the record as a whole, that principle is inapplicable here. Castaneda v. Astrue, 344 F. App'x 396, 398 (9th Cir. 2009) (unpublished), citing Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). At least with respect to the issue of the need for a cane, the Dr. Van Kirk's opinion was not "consistent with the record as a whole." It stands in conflict with treating physician notes and the findings of Dr. Blando. Because Dr. Van Kirk did not have access to or review any of plaintiff's medical records, the ALJ erred in allowing it to override notes from treating physicians and giving it such great weight with respect to plaintiff's orthopedic limitations.[3] AR 24.

### D. Remand for Further Consideration is Necessary

As discussed above, the ALJ erred in erred by not considering plaintiff's alleged need for the use of a cane, not considering the degree of limitations reflected in treating physician opinions, and in relying on a post-hearing consultative examination when the examining physician did not have plaintiff's medical records. The undersigned agrees with plaintiff that the ALJ's error is harmful and remand for further proceedings by the Commissioner is necessary. ECF No. 19 at 9. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; correcting the errors may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether he is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173

---

[3] Plaintiff's brief argument that the ALJ's reliance on Dr. Van Kirk's report was erroneous because Dr. Van Kirk did not consider plaintiff's mental health evidence that pre-dates the claim period, however, does not withstand scrutiny. ECF No. 19 at 8. There is no evidence that the ALJ relied on Dr. Van Kirk's assessment with respect to her conclusion on plaintiff's anxiety claim. Indeed, the CE assessment is clearly focused on plaintiff's orthopedic complaints – a single reference to plaintiff being a "poor historian" notwithstanding. AR 450-54.

(9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings consistent with this order; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

SO ORDERED.

DATED: July 9, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE